**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

JOSE SAUL HERRERA,

     Plaintiff,

v.

KANOA, LLC, and
REMIR F. GUARDAZZI,

     Defendants.

_____/

**<u>COMPLAINT</u>**
*{Jury Trial Demanded}*

     Plaintiff JOSE SAUL HERRERA ("Herrerra") brings this action against Defendants KANOA, LLC ("Kanoa") and REMIR F. GUARDAZZI ("Guardazzi") and alleges as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Kanoa was a Florida corporation that regularly transacted business in Miami-Dade County, Florida.

4.    Upon information and belief, Kanoa's gross sales or business generated was over $500,000 per year at all times material hereto.

5.    Kanoa has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

1

6.      Kanoa was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7.      Guardazzi is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Kanoa, ran the day-to-day operations, had operational control over Kanoa, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

8.      Kanoa operates a business engaged in real estate management.

9.      Herrerra worked for Defendants as a property manager.

10.     Defendants failed to pay Herrerra's full and proper overtime wages.

11.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

12.     Attached as **Exhibit A** is a preliminary calculation of Herrerra's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

13.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**AGAINST ALL DEFENDANTS**

14.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

16.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382

3